**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEHAN ZEB MIR, M.D., | : | |
| | : | 1:15-cv-2233 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| ANDREW J. BEHNKE, M.D., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### June 15, 2016

Pending before the Court are the following motions: (1) Motion to Set Aside the Defaults Entered by the Clerk's Office January, 14, 2016, filed by Defendants Andrew J. Behnke, Bruce A. Brod, Charles A. Castle, Marilyn J. Heine, Rachel Levine, Keith E. Loiselle, Deval Reshma M. Paranjpe, and Sukh D. Sharma (collectively "Defendants") (Doc. 42); and (2) Defendants' Motion to Dismiss for Failure to State a Claim.  (Doc. 44).  The Motions have been fully briefed by the parties and are therefore ripe for our review.

For the reasons that follow, we shall grant both the Motion to Set Aside the Defaults (Doc. 42) and the Motion to Dismiss.  (Doc. 44).

## I.   PROCEDURAL HISTORY

*Pro se* Plaintiff Jehan Zeb Mir, M.D. ("Plaintiff") commenced this action on November 20, 2015 by filing an Emergency Verified Complaint for Temporary

Restraining Order, Preliminary and Permanent Injunction (Doc. 1), seeking to enjoin the effective date of the revocation of his Pennsylvania medical license. On November 23, 2015, we denied Plaintiff's request for a Temporary Restraining Order ("TRO") on the grounds that we did not have jurisdiction to entertain an appeal of the revocation of Plaintiff's Pennsylvania medical license. (Doc. 4). Thereafter, Plaintiff filed a Motion for Reconsideration of our denial of the TRO. (Doc. 5).[1] Plaintiff also filed Requests for Entry of Default on January 6, 2016, which the Clerk of Court appropriately entered against all Defendants, inasmuch as the Defendants had not timely answered the complaint. (Docs. 32-39). The very next day, counsel entered an appearance on behalf of all Defendants (Docs. 40-41), and immediately filed a Motion to Set Aside the Entry of Default as to all Defendants. (Doc. 42). On January 15, 2016, Defendants filed a Motion to Dismiss for Failure to State a Claim. (Doc. 44). As noted above, the Motions have been fully briefed. (Docs. 43, 45-46).

## II.    FACTUAL BACKGROUND

Plaintiff is a medical doctor previously licensed in California. Plaintiff was also reciprocally licensed as a medical doctor in Pennsylvania. The Medical Board of California suspended Plaintiff's medical license on September 27, 2010. (Doc. 1 ¶ 269). As a result, the Pennsylvania Board of Medicine (the "Board")

---

[1] Inasmuch as we shall dismiss this action, the Plaintiff's Motion for Reconsideration shall be denied as moot.

initiated proceedings to suspend Plaintiff's Pennsylvania medical license on April 16, 2012.  (Doc. 1 ¶ 268).  It is the facts and circumstances of the suspension of Plaintiff's reciprocal Pennsylvania license that give rise to this action.

The following facts are drawn from Plaintiff's Complaint.  (Doc. 1).  On April 16, 2013, the Board filed an Order to Show Cause informing Plaintiff that the Board is authorized to suspend or revoke Plaintiff's Pennsylvania medical license under 63 P.S. § 422.41(4).  (Doc. 1 ¶ 268).  After granting Plaintiff a number of continuances, a hearing before a hearing examiner was set for May 12, 2014.  (Doc. 1 ¶ 299).  Plaintiff alleges that he was unable to attend the hearing because he was under jury summons in California and that the Board's hearing officer improperly denied his April 28, 2014, request to continue the May 12, 2014 hearing.  (Doc. 1 ¶¶ 300-301).  On November 10, 2015, Plaintiff received notice of an Order by the Board, dated November 4, 2015, that revoked his Pennsylvania medical license.  (Doc. 1 ¶ 312).  Plaintiff then appropriately filed an action pursuant to 49 Pa. Code § 16.58 and 2 Pa. C.S. § 702 in the Commonwealth Court appealing the Board's decision to suspend his license.  *See Mir v. State Board of Medicine*, 2557 CD 2015 (Pa. Cmwlth. Ct.).  As of the writing of this Memorandum, that appeal is currently pending.

As previously noted, on November 20, 2015, Plaintiff filed the instant action asserting a claim under 42 U.S.C. § 1983, alleging that he was denied a fair hearing

by the Board in relation to the revocation of his Pennsylvania medical license.

Plaintiff further alleges that Defendants are biased and thus incompetent to conduct

a fair hearing or render any proper decision.  For relief, Plaintiff requests the

reinstatement of his Pennsylvania medical license, monetary damages, and

attorney's fees.  (Doc. 1 at 90-91).

## III.   MOTION TO SET ASIDE DEFAULT

### A.   Standard of Review

The decision to set aside the entry of default and default judgment is

governed by Fed. R. Civ. P. 55(c) and 60(b), and is left primarily to the discretion

of the Court.  *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d

Cir. 1984.  Rule 55(c) provides: "[t]he court may set aside an entry of default for

good cause, and it may set aside a default judgment under Rule 60(b)."  Rule 60(b)

provides, in relevant part: "[o]n motion and just terms, the court may relieve a

party . . .  from a final judgment, order, or proceeding for . . . mistake,

inadvertence, surprise, or excusable neglect . . ."  The Third Circuit has

enumerated factors for district courts to employ in determining whether to set aside

a default judgment.  Those factors are: (1) whether the plaintiff will be prejudiced;

(2) whether the defendant has a meritorious defense; and (3) whether the default

was the result of the defendant's culpable conduct. *See $55,518.05 in U.S.*

*Currency*, 728 F.2d at 195; *see also Davis v. Metro. Life Ins. Co.*, No. 1:13-CV-2741, 2015 WL 574616, at *2 (M.D. Pa. Feb. 11, 2015).

### B.    Analysis

In considering the factors set forth above, it is our view that, on balance, the factors weigh in favor of opening the defaults entered against the Defendants. Most salient to our determination is the timeliness of Defendants' motion and the lack of prejudice to the Plaintiff.

To be sure, it is not disputed by the Defendants that the entry of default was appropriately entered by the Clerk of Courts on January 14, 2016.  However, nothing in the record shows that Defendants' failure to file a timely answer was willful or in bad faith. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984) (stating that the standard for culpable conduct requires more than mere negligence).  Defendants' counsel represents that the Office of the Attorney General first learned of the matter on January 11, 2016, and the decision by the Office of Attorney General to accept the case was not made until January 14, 2016. Upon decision to accept the case, counsel quickly filed an appearance on January 15, 2016, along with motions to set aside the entries of default and dismiss for failure to state a claim.  Thus, upon learning of the matter, counsel worked expediently to vacate the defaults.

Moreover, and for reasons discussed hereinbelow, Defendants have a meritorious defense to this matter. As we stated in our denial of Plaintiff's TRO and will describe in more fulsome detail hereafter in our treatment of Defendants' Motion to Dismiss, because Plaintiff is currently contesting the revocation in an action before the Commonwealth Court, the principles of *Younger* abstention apply. *See Younger v. Harris*, 401 U.S. 37, 43 (1971) (Younger abstention grants discretion to federal courts to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding).

Thus, based on an application of the appropriate factors to this case, we shall grant the Defendants' Motion and set aside the entries of default in this case. By reopening this matter, we follow a policy that courts in this Circuit strongly prefer, that cases should be judged on the merits and not on a procedural technicality. *See Harad v. Aetna Casualty Ins. Co.*, 839 F.2d 979, 982 (3d Cir. 1988); *Hritz*, 732 F.2d at 1181 (3d Cir. 1984).

## IV.  MOTION TO DISMISS

### A.  Standard of Review

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*,

515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case."  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a).  Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . ."  *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  Accordingly, to

satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 679. Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 556-57). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

### B.   Analysis

The *Younger* abstention doctrine grants federal courts "discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding." *Getson v. N.J.*, 352 Fed. Appx. 749, 752-53 (3d. Cir. 2009) (citing *Younger*, 401 U.S. 37).  "Abstention is appropriate when: (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional challenges." *Zahl v. Harper*, 282 F.3d 204, 209 (3d Cir. 2002) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423,432 (1982)).  Federal courts should not abstain if the plaintiff establishes that "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989) (citing *Middlesex County Ethics Comm.*, 457 U.S. at 435).

It is evident to us that we must abstain from adjudicating this matter based on *Younger* for the reasons that follow.  The first *Younger* requirement is satisfied because there is a pending state judicial proceeding, namely Plaintiff's appeal of

the revocation of his Pennsylvania medical license pursuant to 49 Pa. Code § 16.58 and 2 Pa. C.S. § 702 to the Commonwealth Court, which is still pending. *See Mir v. State Board of Medicine*, 2557 CD 2015 (Pa. Cmwlth. Ct.).

The second requirement of the *Younger* abstention doctrine is satisfied because the regulation of the practice of medicine implicates an important state interest.  *See Zahl*, 282 F.3d at 210-11 (recognizing that New Jersey has an important and traditional interest in regulating the practice of medicine within its borders).  States have broad power to regulate the medical profession in the public interest because the power to establish and enforce health standards "is a vital part of a state's police power." *Barsky v. Bd. of Regents*, 347 U.S. 442, 449 (1954).

The third requirement of *Younger* abstention "is satisfied in the context of a state administrative proceeding when the federal claimant can assert his constitutional claims during state-court judicial review of the administrative determination." *O'Neill*, 32 F.3d at 792.  Plaintiff's complaint raises a host of grievances related to the revocation of his Pennsylvania medical license, but all of his arguments can be addressed by the Commonwealth Court in consideration of Plaintiff's appeal.  Plaintiff purports that the action is brought under 42 U.S.C § 1983; however, a full reading of the complaint shows that Plaintiff is simply attempting to attack the revocation of his Pennsylvania medical license in another

way while the State appellate process is still on going.  For the reasons stated above, this case meets each of the prerequisites for *Younger* abstention.[2]

Accordingly, we shall grant the Defendants' Motion to Dismiss, finding that application of the *Younger* abstention doctrine requires the dismissal of Plaintiff's complaint.

## V.    CONCLUSION

Based on all of the foregoing, we shall vacate the defaults entered by the Clerk and grant the Defendants' Motion to Dismiss.  An appropriate Order shall follow.

---

[2] Plaintiff contends this case falls under the extraordinary exception to the Younger abstention doctrine based on his allegation that Defendants are biased.  However, for this exception to apply, the state agency or court must be "incapable of fairly and fully adjudicating the federal issues before it," Kugler v. Helfant, 421 U.S. 117, 124 (1975), and the plaintiff must do more than make a "naked assertion" of bias.  See Getson, 352 Fed. Appx. at 755.  Here, Plaintiff has not alleged any facts supporting his claim that Defendants are incompetent for bias.  Cf. Gibson v. Berryhill, 411 U.S. 564, 578-79 (1973) (stating that the district court properly did not abstain where board members were found to be impermissibly biased because of personal financial interest in the proceeding).  Thus, we find that there are no extraordinary circumstances warranting intervention by this Court into the pending state proceeding.